```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
……………………………………………………X
SONNY ALLOWAY and JUANITA FIGUEROA,      :
on behalf of themselves and all others similarly  :
situated,                                         :         **COMPLAINT**
                Plaintiffs,                       :
                                                  :         **FLSA COLLECTIVE ACTION**
        v.                                        :         **and RULE 23 CLASS ACTION**
                                                  :
US COACHWAYS, INC., MARK TELMANY                  :
and EDWARD TELMANY,                               :
                                                  :
                Defendants.                       :
……………………………………………………  X
```

Plaintiffs SONNY ALLOWAY and JUANITA FIGUEROA (collectively "Plaintiffs"), by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, against US COACHWAYS, INC., MARK TELMANY, and EDWARD TELMANY ("Defendants"), to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL § 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves

1

and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, statutory penalties, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff SONNY ALLOWAY resides in the County of Richmond in the State of New York.

7. At all relevant times, Plaintiff Alloway was employed by Defendants as a Luxury Travel Consultant / Sales Agent, as described herein, from September 7, 2015 until November 1, 2016, approximately.

8. Plaintiff JUANITA FIGUEROA resides in the County of Richmond in the State of New York.

9. At all relevant times, Plaintiff Figueroa was employed by Defendants as a Luxury Travel Consultant / Sales Agent, as described herein, from January 2016 until July 2016, approximately.

10. Defendant US COACHWAYS, INC. is a foreign business corporation registered in the State of New Jersey with its principal place of business in the County of Richmond at 100 Saint Mary's Avenue, Staten Island, New York 10305. According to their website, US Coachways, Inc. is a nationwide leading bus charter company providing quality transportation and personal service for point-to-point excursions, long-distance, overnight trips, special events and more.

11. At all times relevant to this action, Defendant MARK TELMANY has been the President and, on information and belief, a partial owner of Defendant US Coachways, Inc. As President, Defendant Mark Telmany had, and has, the power to hire, fire, and set the wages and hours of all the employees of US Coachways, Inc., including Plaintiffs and others similarly situated.

12. Defendant Mark Telmany regularly walks into US Coachways, Inc.'s Staten Island offices to observe and oversee Defendants' operations.

13. Defendant EDWARD TELMANY has been the Vice President and, on information and belief, a partial owner of Defendant US Coachways, Inc. As Vice President, Defendant Edward Telmany had, and has, the power to hire, fire, and set the wages and hours of all the employees of US Coachways, Inc., including Plaintiffs and others similarly situated.

14. Defendant Edward Telmany regularly walks into US Coachways, Inc.'s Staten Island offices to observe and oversee Defendants' operations.

15. Defendants grossed more than $500,000.00 in each of the last six calendar years.

16. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

17. At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Action Members, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

18. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3). At all times relevant hereto, Defendants have employed "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

19. Plaintiffs and others similarly situated worked for Defendants as Luxury Travel Consultants / Sales Agents assigned to work out of Defendants' Staten Island, New York office.

20. As Luxury Travel Consultants / Sales Agents, Plaintiffs and each of the FLSA Collective Plaintiffs and members of the Class sold – via email and phone - charter bus services for a variety of vehicles, including coach buses, mini-buses, sleeper coach buses, party buses, ADA buses, limousines, vans, and school buses.

21. Defendants paid Plaintiffs, and each of the FLSA Collective Plaintiffs and members of the Class, on an hourly basis plus commission.

22. Defendants paid Plaintiffs $10/hour plus a commission of 15% of sales made.

23. Plaintiffs and each of the FLSA Collective Plaintiffs and members of the Class were non-exempt employees.

24. Defendant regularly scheduled Plaintiffs and the other Luxury Travel Consultants / Sales Agents to work eight-hour shifts Monday through Friday.

25. In addition, Defendants scheduled Plaintiffs and the other Luxury Travel Consultants / Sales Agents to work eight-hour shifts on weekends twice a month. This resulted in Plaintiffs and the other Luxury Travel Consultants / Sales Agents regularly working forty (40) to forty-eight (48) hours per week.

26. Plaintiff Alloway was scheduled to work Monday, Tuesday, and Wednesday from 9 AM to 5 PM, Thursday from 2 PM to 10 PM, and Friday from 7 AM to 3 PM. He was also scheduled to work on the first Saturday and fourth Sunday of every month.

27. Plaintiff Figueroa was scheduled to work from 9 AM to 5 PM Monday through Friday and one day every other weekend from 8 AM to 4 PM.

28. Plaintiffs and other Luxury Travel Consultants / Sales Agents regularly performed work for Defendants during lunch, before and after their regularly scheduled work shifts, and on their days off. Defendants never paid Plaintiffs and other Luxury Travel Consultants / Sales Agents for this time.

29. Defendants' supervisors encouraged Plaintiffs and other Luxury Travel Consultants / Sales Agents to provide their cell phone numbers to prospective and established

customers. Plaintiffs and other Luxury Travel Consultants / Sales Agents were told that providing their cell phone numbers to customers was a method of increasing sales.

30. Plaintiffs and other Luxury Travel Consultants / Sales Agents regularly used their cell phones to make and receive customer calls, and to send and receive texts, during their lunch breaks, after the end of their scheduled shifts, and on weekends or other days off. Defendants never paid Plaintiffs and other Luxury Travel Consultants / Sales Agents for this time.

31. Plaintiffs and other Luxury Travel Consultants / Sales Agents also had their work emails forwarded to their cell phones. They regularly received and responded to work emails on their cell phones, or home computers, during their lunch breaks, after the end of their scheduled shifts, and on weekends or other days off. Defendants never paid Plaintiffs and other Luxury Travel Consultants / Sales Agents for this time.

32. Inasmuch as they also provided customer service for services they booked, and because they had customers booking charter services at all hours of the day and in different time zones in the United States, Plaintiffs and other Luxury Travel Consultants / Sales Agents regularly received calls, emails, and/or texts – which they had to address/respond to after the end of their shifts. Defendants never paid Plaintiffs and other Luxury Travel Consultants / Sales Agents for this time.

33. Plaintiff Figueroa estimates that she worked approximately one (1) hour a day – or five (5) hours a week – at home after the end of her regularly scheduled workday responding to emails and calls from customers. She also had to regularly stay late at work and continue working after the end of her scheduled shift. Defendants never paid her for any of this time.

34. Defendants' supervisors and managers knew that Plaintiffs and other Luxury Travel Consultants / Sales Agents had phone calls, emails, and other communications with customers, and performed related work, after the end of their shifts.

35. Because of the high-pressure sales environment, Plaintiffs and other Luxury Travel Consultants / Sales Agents had to be ready to work at all times, even when they were not scheduled to be working. Defendants' supervisors and managers sometimes threatened to penalize Plaintiffs and other Luxury Travel Consultants / Sales Agents – by taking away their customers – if they failed to immediately address urgent/pressing matters ("ASAPs").

36. Plaintiffs and other Luxury Travel Consultants / Sales Agents also performed work after the end of their scheduled shifts, and on their scheduled days off, while at Defendants' premises. Defendants never paid Plaintiffs and other Luxury Travel Consultants / Sales Agents for this time.

37. Defendants encouraged, and did not discourage, Plaintiffs and other Luxury Travel Consultants / Sales Agents to work during their unpaid lunch periods, after they clocked out for the day, and on days that they were scheduled off.

38. Plaintiffs estimate that they each worked an average of five (5) to fifteen (15) overtime hours each week for which Defendants never paid them.

39. Defendants failed to properly track, record, and/or pay Plaintiffs and other Luxury Travel Consultants / Sales Agents for all of their hours worked.

40. Defendants' practices resulted in Plaintiffs, and other Luxury Travel Consultants / Sales Agents, regularly working more than forty (40) hours a week without being paid all of their earned overtime premiums, and in them not being compensated for all of the time they worked for Defendants.

41. Defendants' management told Plaintiffs and other Luxury Travel Consultants / Sales Agents that they were not authorized to pay overtime.

42. Defendants profited from the extra hours worked by Plaintiffs and other Luxury Travel Consultants / Sales Agents**,** and Defendants should have paid them for this time.

43. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State law.

44. Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

45. Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

46. Defendants' record keeping and notice violations prevented Plaintiffs, and each of the FLSA Collective Plaintiffs and members of the Class, from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

47. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

48. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

49. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Luxury Travel Consultants / Sales Agents employed by Defendants in the United States on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."

50. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of willfully failing and refusing to pay them at least one-and-one-half (1-1/2) times their regular hourly rates of pay for all work performed for Defendants in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

51. Other Luxury Travel Consultants / Sales Agents currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Luxury Travel Consultants / Sales Agents notice of the action and allow them to opt in to such an action if they so choose.

52. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

53. Plaintiffs bring the Second and Third Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and statutory damages on behalf of a class of all individuals employed by Defendants as Luxury Travel Consultants / Sales Agents in New York State on or after the date that is six years before the filing of the original Complaint in this case until the present (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

54. The numbers, names, and addresses of the NYLL Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

55. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over fifty (50) Class Members.

56. Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought by Plaintiffs is typical of the relief that would be sought by each Class Member in separate actions. All of the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all hours worked up to forty (40) hours per week and for all overtime hours worked. Moreover, all of the Class Members were subject to Defendants' policy of failing to give them notices required by NYLL § 195(1) and failing to include the number of actual hours worked on their pay statements in violation of

NYLL § 195(3). Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants have benefited from the same type of unfair and/or wrongful acts as to each Class Member.

57. As fellow employees of Defendants, who failed to adequately compensate Plaintiffs and the Class Members as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures of Defendants.

58. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation who have many times previously represented plaintiffs in wage and hour class cases.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however,

treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they are not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation, and former employees are fearful of bringing individual claims because they fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

61. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

   a. whether Defendants failed to pay the Class Members for all hours worked, including for work performed during their lunch breaks, before and/or after their scheduled shifts, and on their days off;

   b. whether Defendants failed to pay the Class Members one-and-one-half (1-1/2) times their regular hourly rate as required by 12 NYCRR § 142-2.2 for hours worked in excess of forty (40) in a workweek;

c. whether Defendants issued to the Class Members the notices required by NYLL § 195(1); and

d. whether the pay statements that Defendants issued to the Class Members violated NYLL § 195(3).

62. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants likely will retain the proceeds of their violations of the NYLL.

## **FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

63. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

64. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b).

65. At all times relevant hereto, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

66. At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the wages and overtime compensation owed to their employees for all hours worked, including hours worked in excess of forty (40) hours per workweek.

67. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutorily required overtime rates for all hours worked in excess of forty (40) hours per workweek.

68. Defendants' violations were willful and a three (3) year limitations period should apply under 29 U.S.C. § 255(a).

69. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid hours and overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Failure to Pay Wages and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

70. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

71. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

72. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

73. Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs and the Class Members for all hours worked and for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

74. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

75. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**(Failure to Provide Notices & Accurate Wage Statements – NYLL §§ 195(1) and (3), Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

76. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth herein.

77. Defendants have willfully failed to supply Plaintiffs and the Class Members with the notices required by NYLL § 195(1), in English or in the languages identified by Plaintiffs and the Class Members as their primary languages, containing Plaintiffs' and each Class Member's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

78. Defendants have also willfully failed to supply Plaintiffs and the Class Members with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

79. Defendants violated NYLL §§ 195(1) and (3) and consequently owe Plaintiffs and the Class Members statutory damages as specified by NYLL § 198(1-d).

80. Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL §§ 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and the Class Members, pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of the Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

(c) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it relates to the Second and Third Causes of Action;

(d) Certification of Plaintiffs as class representatives and designation of Plaintiffs' counsel as class counsel;

(e) An award of unpaid wages and overtime compensation, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Statutory damages under NYLL §§ 198(1-b) and (1-d), for violations of NYLL §§ 195(1) and (3);

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and NYLL § 663;

(i) Pre-judgment and post-judgment interest, as provided by law; and

(j) Such other legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Class Members, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: June 20, 2017

HARRISON, HARRISON & ASSOCIATES, LTD.

\_\_\_\_/s/DAVID HARRISON_____
David Harrison, Esq.
nycotlaw@gmail.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorney for Plaintiffs and the Proposed FLSA Collective and Class Members*

# EXHIBIT "A"

I am a current or former employee of US COACHWAYS, INC. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

*Sonny M. Alloway Jr.*
Signature

Sonny M. Alloway Jr.
Full Legal Name (print)

DocuSign Envelope ID: C2B43569-E148-4FAE-A10A-3A878CD9B755

  I am a current or former employee of US COACHWAYS, INC. and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

  I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

_____
—715952E6A317461...

_____
Signature

  Juanita Figueroa

_____
Full Legal Name (print)