# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7th Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

February 16, 2018

VIA ECF

Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Alloway* et al. *v. US Coachways, Inc., Mark Telmany and Edward Telmany*
      17-cv-3720 (RER)

Dear Judge Reyes:

We represent the two plaintiffs —Sonny Alloway and Juanita Figueroa ("Plaintiffs")—in the above-referenced matter. As per this Court's January 29th Order, the parties in this case respectfully request that the Court approve the parties' Settlement Agreement, a copy of which is attached hereto as Exhibit "A" (the "Agreement"), and the settlement provided for therein, as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation with prejudice discontinuing this case.

## ATTORNEYS' FEES & COSTS

As set forth in the Agreement, from the settlement amount of $53,750.00, after deducting $500 in costs[1], two thirds, or $35,000.00 will be paid out to the Plaintiffs in proportion with the approximate value of their claims – with 60%, totaling $21,300.00, being paid to Plaintiff Alloway and 40%, totaling $14,200.00, being paid to Plaintiff Figueroa - and the remaining $17,500.00, totaling one third, is allocated for attorneys' fees as provided for in the Plaintiffs' retainer agreements with our firm.

It is well settled that one-third contingency fee agreements – such as those agreed upon by each of the Plaintiffs in their retainer agreements - are regularly approved in this circuit in FLSA and NYLL cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third

---

[1] Costs in this case were: $400 for the filing fee, $97.92 for process server costs, plus printing (rounded down to cap costs at $500).

contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Beckman v. KeyBank, N.A*., 293 F.R.D. 467, 481 (S.D.N.Y 2013) ("Class Counsel is requesting 33% of the $4.9 million settlement.  This case does not require a 'sliding scale' approach to prevent a windfall because the requested amount is 'consistent with the norms of class litigation in this circuit.'") (Ellis, M.J.); *Rangel v. 639 Grand St. Meat & Produce Corp*., 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

       In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and that the Court discontinue this case with prejudice except in the event of a breach of Defendants for failure to pay the five payment installments provided for in Section 3 of the Agreement.

       We thank the Court for its attention to this matter.

                                                        Respectfully submitted,
                                                        /S/ DAVID HARRISON
                                                        David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into, as of the dates set forth below, between Sonny Alloway and Juanita Figueroa ("Plaintiffs") for themselves, their heirs, executors, administrators, personal representatives and assigns (collectively, "Plaintiffs") and US Coachways, Inc., ("USC"), Mark Telmany, and Edward Telmany (collectively, "Defendants").

WHEREAS, Plaintiffs and Defendants are parties to a lawsuit pending in the United States District Court for the Eastern District of New York captioned *Sonny Alloway and Juanita Figueroa v. US Coachways, Inc., Mark Telmany, and Edward Telmany*, 17 CV 3720 (the "Civil Action");

WHEREAS, Defendants, without admitting or conceding any liability or damages, deny each and every assertion of wrongdoing with respect to Plaintiffs;

WHEREAS, the Court has made no findings as to the merits of the complaint filed by Plaintiffs in the Civil Action;

WHEREAS, Plaintiffs and Defendants desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiffs had, have, or may have against Defendants, including, but not limited to, all of the claims raised in the Civil Action;

WHEREAS, Plaintiffs, with full assistance and through consultation with counsel have investigated and evaluated the facts and law relating to their claims raised in the Civil Action and other possible claims they could have filed, and freely and voluntarily enter into this Agreement and the memorandum of agreement executed this day with the Defendants (collectively, the "Agreement") and Plaintiffs agree to fully comply with its terms in exchange for the promises and other valuable consideration contained in the Agreement which pertain to Defendants and the full payment due from Defendants as provided for in the Agreement;

WHEREAS, Defendants, freely and voluntarily, enter into this Agreement in exchange for the promises contained in the Agreement which pertain to Plaintiffs and the dismissal of the Civil Action as provided for in the Agreement; and

NOW, THEREFORE, in consideration of this Agreement and the promises, obligations and payments contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties voluntarily intend to be legally bound and agree as follows:

1. In consideration of the rights, benefits, and protections provided in this Agreement including the payment of FIFTY-THREE THOUSAND AND SEVEN HUNDRED AND FIFTY DOLLARS ($53,750.00) (the "Settlement Payment"), Plaintiffs release and discharge USC, their past, present and future agents, legal representatives, predecessors, successors, assigns, trustees, administrators, heirs, executors, insurers and all related companies, as well as Mark Telmany, and Edward Telmany (in their official and personal capacities), and all past, present and future managers, officers, employees, directors, representatives, partners, agents, shareholders, insurers, attorneys, consultants, associates, fiduciaries, administrators, and trustees of each of the foregoing, in their capacities as

DocuSign Envelope ID: EB4A0FDE-D8E0-41F7-96F3-AB3963A09746

such (collectively referred to as "RELEASEES") from any and all actions, charges, claims, demands, benefits, wages, damages or liabilities of any kind or character whatsoever that Plaintiffs had, have, or may have, known, unknown, disclosed or anticipated, that may be legally waived by private agreement, arising out of the factual predicate of this Civil Action or Plaintiffs' employment with Defendants, through the execution of this Agreement, except claims that the law does not permit them to waive by signing this Agreement. Plaintiffs further waive any right to or claim for payment of interest, penalties, costs, disbursements, liquidated damages, or attorneys' fees that they may have incurred, other than as set forth herein. Plaintiffs agree and acknowledge that the Settlement Payment they are accepting in exchange for dismissal of the Civil Action, the release of claims, and the other promises made herein, constitute consideration to which they are not already entitled.

2. Defendants release and discharge, Plaintiffs, their past, present and future agents, legal representatives, heirs, executors and trustees of each of the foregoing, from any and all actions, charges, claims, demands, damages or liabilities of any kind or character whatsoever that Defendants had, have, or may have, known, unknown, disclosed or anticipated, that may be legally waived by private agreement, arising out of the factual predicate of this Civil Action, through the date of execution of this Agreement, except claims that the law does not permit them to waive by signing this Agreement.

3. Within five (5) days of the Parties' execution of this Agreement, Plaintiffs' Counsel agrees to file with the court a motion for settlement approval and a stipulation of discontinuance terminating the Civil Action with prejudice, to be so ordered by the Court. The Parties shall cooperate with each other in causing the Civil Action to be dismissed with prejudice and without costs to any party except as otherwise provided for herein. Plaintiffs understand and agree that Defendants' agreement to offer, among other things, the consideration set forth in paragraph 1, is expressly contingent upon, among other things, their agreement to dismiss the Civil Action.

4. After both Plaintiffs have signed this Agreement and after the U.S. District Court approves this Agreement and dismisses the Civil Action with prejudice the Settlement Payment will be paid to Plaintiffs' Counsel in five (5) installments, as follows:

   i. One check in the amount of $10,650.00 payable to "SONNY ALLOWAY", as interest/liquidated damages/statutory penalties, paid on a 1099 basis, for which Defendants shall issue an IRS form 1099 designated Box 3 "other income", due on January 16, 2018; and

   ii. One check in the amount of $7,100.00 payable to "JUANITA FIGUEROA", as interest/liquidated damages/statutory penalties, paid on a 1099 basis, for which Defendants shall issue an IRS form 1099 designated Box 3 "other income", <u>and</u> one check in the amount of $3,750.00 payable to HARRISON, HARRISON & ASSOC., both checks being due on February 16, 2018; and

   iii. One check in the amount of $7,100.00, less lawful withholdings, payable to "JUANITA FIGUEROA" (W2 wages), <u>and</u> one check in the amount of $3,750.00 payable to HARRISON, HARRISON & ASSOC., both checks being due on March 16, 2018; and

    iv. One check in the amount of $10,650.00, less lawful withholdings, payable to "SONNY ALLOWAY" (W2 wages), due on April 16, 2018; and

    v. One check in the amount of $10,750.00 payable to HARRISON, HARRISON & ASSOC., due on May 16, 2018;

5. If the Court has not yet approved this Agreement and/or signed the Stipulation of Dismissal or otherwise issued an order dismissing the Civil Action with prejudice, Defendants' Counsel shall hold the above-referenced payments "in escrow" pending the Court's dismissal of the Civil Action with prejudice, to be returned to Defendants in the event approval is not granted.

6. Each of the above-referenced installments will be paid by Defendants and delivered via OVERNIGHT MAIL to Plaintiffs' Counsel at the following address: Harrison, Harrison & Associates, Ltd., 110 State Highway 35, Suite 10, Red Bank, NJ 07701.

7. Plaintiffs represent that they have not assigned or transferred to any person or entity any claims, liens, or judgments relating to or arising out of the Civil Action, including but not limited to claims, liens, or judgments related to legal costs and expenses.

8. Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledge and represent that they have been and are fully and fairly represented by David Harrison, Esq., of Harrison, Harrison & Associates, Ltd., in connection with the review, negotiation and signing of this Agreement.

9. Plaintiffs agree and understand that nothing contained in this Agreement is an admission by Defendants of any liability, wrongdoing, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance. Plaintiffs shall not use, attempt to use or authorize the use of this Agreement in any court or administrative tribunal as indicia or evidence of any liability, wrongdoing, breach of duty or unlawful conduct on the part of Defendants. Plaintiffs understand that they are receiving this consideration as a result of entering into the settlement and this Agreement and complying with all the provisions of this Agreement.

10. This Agreement states the entire agreement between the parties and supersedes any other agreements or understandings. No waiver, modification, or amendment of the terms of the Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

11. Plaintiffs and Plaintiffs' counsel will not contact the media or utilize any social media to announce or publicize this Settlement or its terms. If contacted regarding this Settlement, Plaintiffs and Plaintiffs' counsels' response shall be limited to "no comment", or "the matter has been satisfactorily resolved", or words to that effect.

12. Plaintiffs' Counsel acknowledges that other than the Plaintiffs herein, it does not represent any other individuals who have claims or potential claims against Defendants.

13. **Tax Implications**: Plaintiffs represent that they are not relying on any information provided by Defendants, or its representatives or attorneys, concerning the tax consequences of payments made under this Agreement. Plaintiffs acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, which may, at any time, be found to be due upon or owed by them as a result of any amount that is paid by Defendants under this Agreement, except for any amount attributable to the employer's contribution to Social Security and Medicare taxes. Defendants agree that they will forward to the IRS or other appropriate taxing authority any amounts it withholds for taxes in accordance with the terms of this Agreement.

14. Other than the allegations Plaintiffs make in the Civil Action, Plaintiffs represent that they have not suffered any job-related wrongs or injuries, such as any type of discrimination, for which they might still be entitled to compensation or relief in the future. Plaintiffs represent that other than the Civil Action, Plaintiffs have not filed any pending claims, complaints, charges, or lawsuits with any governmental agency or court against any of the RELEASEES. USC represents that it has not filed any claims, complaints, or lawsuits against Plaintiffs, and is not aware of any circumstances that would form the basis for any such claims

15. **Covenant Not to Sue**: Plaintiffs hereby covenant and agree that they will not file or permit to be filed on their behalf, any action, suit, charge or other administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit, charge, administrative proceeding, or liability which they have released herein. Plaintiffs understand that nothing in this Agreement prohibits them from filing an administrative charge or from participating in a class from which they cannot opt out; however, they agree and acknowledge that they will not seek any economic damages against the RELEASEES.

16. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim.

17. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors and assigns.

18. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

19. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

20. All notices, demands, or other communications regarding this Agreement shall be in writing and shall be sufficiently given if either personally delivered or sent by overnight courier, postage pre-paid, addressed as follows:

To Plaintiff:

DocuSign Envelope ID: EB4A0FDE-D8E0-41F7-96F3-AB3963A09746

> David Harrison, Esq.
> Harrison, Harrison & Associates, Ltd.
> 110 State Highway 35, Suite 10
> Red Bank, NJ 07701

To Defendants:

> Michael Bauman, Esq.
> PITTA, LLP.
> 120 Broadway, 28th Floor
> New York, New York 10271

21. Plaintiffs represent and warrant that they are the sole owner of all claims, rights, demands and causes of action that they are relinquishing by executing this Agreement and that no other persons or entities have any interest in such claims, rights, demands, and causes of action.

22. **Injunctive Relief**: Plaintiffs agree that a violation of any of the provisions of this Agreement may cause irreparable harm and injury to Defendants and that Defendants may be entitled, in addition to any other rights and remedies it may have at law or in equity, to an injunction (without the posting of any security) enjoining and restraining them from doing or continuing to do any such acts and any other violations or threatened violations of this Agreement. Plaintiffs agree that Defendantsmay seek injunctive relief in any state or federal court of competent jurisdiction. In addition to any other courts in which Plaintiffs may be subject to personal jurisdiction, they consent to the personal jurisdiction of state and federal courts located within the State of New York.

23. **Confidential and Proprietary Information**: Except as required or permitted by statute, regulation or court order, or pursuant to written consent given by USC, Plaintiffs represent and warrant that they have not, subsequent to the termination of their employment with Defendants, utilized or disclosed any of the proprietary or otherwise confidential information or confidential documents or trade secrets of the Defendants to which Plaintiffs had access while an employee of the Defendants, and specifically from utilizing or disclosing any such confidential information or confidential documents or trade secrets concerning the clients of Defendants and Plaintiffs agree not to do so following execution of this Agreement.

24. The Parties agree that the validity, effect, interpretation and construction of this Agreement and any obligations undertaken pursuant thereto, shall be governed by the laws of the State of New York, without regard to conflicts-of-law provisions.

25. If any provision, covenant, term, or condition of this Agreement is held to be invalid, illegal, or unenforceable for any reason, such invalidity, illegality, or unconscionability shall not affect the validity, legality, or enforceability of any other provisions, covenants, terms, or conditions of this Agreement.

26. The Parties hereby represent and warrant that, prior to executing this Agreement they: (i) have had an opportunity to consult with counsel of their choosing; and (ii) fully

    comprehend, the meanings of each of the provisions of this Agreement and that they entered into this Agreement voluntarily.

27. No waiver of any condition or covenant contained in this Agreement or failure to exercise a right or remedy by any of the parties thereto shall be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

28. The Parties agree not to seek any attorneys' fees, costs, or interest from each other except as expressly provided in this Agreement and agree to be responsible for their own respective attorneys' fee and/or expenses in connection with this Agreement, except as provided herein.

29. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same Agreement. A facsimile or electronic copy of this Agreement shall have the same force and effect as the original. Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®

30. Plaintiffs have carefully read this Agreement, they fully understand what it means, they are entering into it knowingly and voluntarily, and all their representations in it are true. Plaintiffs acknowledge that they were given a reasonable time to consider this Agreement and that they discussed it with their legal counsel to the extent they and their counsel deemed appropriate. Plaintiffs understand that Defendants would not have signed this Agreement but for their promises and representations.

The parties hereto knowingly and voluntarily execute this Agreement as of the date set forth below.

DocuSigned by:
*Sonny M Alloway Jr.*
CF6E62E012A34F1...

SONNY ALLOWAY

2/15/2018

DATE

DocuSign Envelope ID: EB4A0FDE-D8E0-41F7-96F3-AB3963A09746

_____  2/13/2018
JUANITA FIGUEROA              DATE



_____  _____
US COACHWAYS, INC.            DATE

BY: _____

_____  2/14/18
MARK TELMANY                  DATE

_____  2/14/18
EDWARD TELMANY                DATE

7